## Marine Saw Mill Co.'s Appeal.

A claim against plaintiff which could not have been set off on the trial of an action *ex delicto* cannot be set off against a judgment in such action, if the claim upon which the action was founded was assigned before judgment, in good faith, and for a valuable consideration.

(Decided January 4, 1886.)

Appeal from a decree of the Common Pleas, No. 1, of Allegheny County, disallowing a set-off. Affirmed.

The firm of Tomer & McKinley brought an action of trover

NOTE.—To acquire the right of set-off judgments must be of the same grade. It is said in the case above that one obtained in contract may be set off against one obtained in tort. And this has been held in other cases. Reardon v. Pierce, 1 Chester Co. Rep. 71; Pasek v. Vockroth, 3 Pa. Dist. R. 150, 13 Pa. Co. Ct. 593, 11 Lanc. L. Rev. 78. So, a judgment for costs has been set off against one in tort. Rupp v. Swartz, 5 Del. Co. Rep. 333, 7 York Legal Record, 68, 3 Lack. Jur. 137. But other courts have refused such set-off on the ground that the judgments are not of equal grade, since no exemption could be claimed on execution issued upon the judgment in trespass, whereas such is allowable upon the judgment in contract. Windle v. Moore, 10 W. N. C. 387; McCormick v. Alexander, 3 Pa. Dist. R. 149; Higgins v. Dunkleberger, 9 Pa. Dist. R. 91, 23 Pa. Co. Ct. 291, 6 Lack. Legal News, 72, 16 Montg. Co. L. Rep. 55. For a similar reason, the courts have divided where the effort was to set off against a judgment obtained for wages under the acts of March 4, 1887 (P. L. 4), May 23, 1887 (P. L. 180), and May 20, 1891 (P. L. 96). It was refused in Bosche v. Maurer, 5 Pa. Co. Ct. 215, 5 Lanc. L. Rev. 244, and allowed in Welliver v. Fox, 4 Pa. Dist. R. 197, and Frable v. Snyder, 3 Northampton Co. Rep. 191, though the latter case was decided prior to the acts of 1887.

against the Marine Saw Mill Company, at the June term, 1883. After the suit was brought, and before judgment, they assigned the claim, for a valuable consideration, to Horner & Roberts, who obtained a judgment against the company in 1885.

About two months before the assignment, the saw mill company obtained a judgment against McKinley for a partnership debt of Tomer & McKinley who had become insolvent; and on September 8, 1885, obtained a rule to show cause why their judgment against McKinley should not be set off against the judgment of Horner & Roberts against them. This set-off was refused and the rule was discharged; whereupon the company appealed.

*George C. Wilson,* for appellant.—It is perfectly well settled that judgments may be set off against each other. Jacoby v. Guier, 6 Serg. & R. 448; Hazlehurst v. Bayard, 3 Yeates, 153; Barker v. Braham, 3 Wils. 396; Cornwell's Appeal, 7 Watts & S. 308; Horton v. Miller, 44 Pa. 256; Filbert v. Hawk, 8 Watts, 443.

For a partnership debt the entire partnership effects may be sold on an execution issued upon a judgment against one of the partners, especially when the record shows the fact that the judgment was confessed for a partnership debt. Ross v. Howell, 84 Pa. 129; McNaughton's Appeal, 101 Pa. 554.

A judgment against a single partner as the representative of the firm may be satisfied out of the joint effects. Taylor v. Henderson, 17 Serg. & R. 456; Carey v. Bright, 58 Pa. 71.

A judgment may be recovered against a less number than all the members, if there be not a plea in abatement, and the effects of the partnership may consequently be seized in execution of it. What matters it, then, whether the judgment has been obtained adversely or by confession, if it be against the firm? Harper v. Fox, 7 Watts & S. 143.

A judgment can be set off against a judgment, notwithstanding equities in third parties. Hazlehurst v. Bayard, 3 Yeates, 152; Cornwell's Appeal, 7 Watts & S. 305; Stout v. Moore, 7 W. N. C. 456.

The assignee of a chose in action takes it subject to the equity of the original debtor. Himes v. Barnitz, 8 Watts, 39; Filbert v. Hawk, 8 Watts, 443; Williams v. Wood, 1 W. N. C. 412; Gourdon v. Insurance Co. of N. A. 3 Yeates, 327; Mott

v. Clark, 9 Pa. 399, 49 Am. Dec. 566; Wetherill's Appeal, 3
Grant Cas. 281; Downey v. Tharp, 63 Pa. 322; Horton v. Miller, 44 Pa. 256; Fisher v. Knox, 13 Pa. 622, 53 Am. Dec. 503.

*Thomas C. Lazear,* for appellee.—The power to set off one
judgment against another, not being conferred by statute, is an
equitable power the exercise of which is not demandable of
right, and being discretionary, the propriety of its exercise cannot be questioned in this court. Burns v. Thornburgh, 3 Watts,
78; Wellock v. Cowan, 16 Serg. & R. 318.

If the claim assigned was not in judgment at the date of the
assignment, and was not of such nature as to be subjected to a
set-off at that time, it cannot afterwards be subjected to it.
Kater v. Steinruck, 40 Pa. 501; Wilson v. McElroy, 32 Pa. 82;
Graves v. Woodbury, 4 Hill, 559, 40 Am. Dec. 206; Hackett v.
Connett, 2 Edw. Ch. 73; Swift v. Prouty, 6 Hun, 94; Spencer
v. Barber, 5 Hill, 568; Mackey v. Mackey, 43 Barb. 58; Perry
v. Chester, 53 N. Y. 240; Roberts v. Carter, 38 N. Y. 107.

PER CURIAM:

The judgment against which the appellant seeks to enforce
this set-off is based on a tort. No contract, either expressed or
implied, entered into it. Had the claim on which it rests remained the property of the assignor, no set-off could have been
interposed on the trial of the cause. Whether such set-off was
a claim vesting in contract or in judgment, it could not have
been given in evidence on the trial for this tort. Long before
it assumed such a form as to be subject to a set-off of any debt
against the assignor, he had sold it to the appellee. The purchase by the latter in good faith and for a valuable consideration
is unquestioned. He incurred the expense of pressing to judgment the uncertain and unliquidated claim for an alleged tort.
The appellant does not show any equity which entitled him to
the set-off for which he asks.

Decree affirmed and appeal dismissed, at the cost of the appellant.